**ROBINS KAPLAN LLP**
Scott F. Gautier (admitted *Pro Hac Vice*)
2049 Century Park East, Suite 3400
Los Angeles, CA 90067
Telephone:   (310) 552-0130
Facsimile:    (310) 229-5800
Emails:        sgautier@robinskaplan.com

*Counsel to the Relativity Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RELATIVITY MEDIA, LLC, et al.,[1] | Case No. 18-11358 (MEW) |
| Debtors. | (Jointly Administered) |
| | Adv. No. _____ |
| DRIVETRAIN, LLC, as Trustee of the Relativity Liquidating Trust, | |
| Plaintiff, | |
| v. | |
| RYAN KAVANAUGH, in his capacity as Trustee of the R. Kavanaugh Trust, | |
| Defendant. | |

**COMPLAINT FOR AVOIDANCE AND RECOVERY OF FRAUDULENT**
**TRANSACTIONS AND SUBSEQUENT TRANSFERS**

---

[1] The Relativity Liquidating Trust EIN is 83-6683053. Each of the debtors in the above-captioned chapter 11 cases and their respective tax identification numbers are set forth (a) in the *Order (A) Authorizing the Joint Administration of their Chapter 11 Cases and (B) Waiving Requirements of Section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n)* [Docket No. 5] and (b) at https://cases.primeclerk.com/relativity.

61654100.1

Plaintiff Drivetrain LLC, solely in its capacity as trustee of the Relativity Liquidating Trust, hereby alleges as follows:

## JURISDICTION AND VENUE

1. The above-referenced court (the "**Court**") has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This adversary proceeding is a core proceeding within the meaning of 28 U.S.C § 157(b)(2)(A), (H), and (O). This adversary proceeding arises in the Chapter 11 Cases (defined below) or under title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "**Bankruptcy Code**"). The Chapter 11 Cases are presently pending before the Court. The Court has authority to enter final orders in this adversary proceeding. To the extent this adversary proceeding is deemed to be a non-core proceeding or the Court is deemed to lack constitutional authority to enter final orders in this action, Plaintiff consents to the Court hearing and entering any and all final orders as may be necessary to grant Plaintiff the relief herein requested.

2. Venue is proper in this judicial district and before the Court pursuant to 28 U.S.C. § 1409.

3. This adversary proceeding is commenced pursuant to sections §§ 544, 548, 550, and 551 of the Bankruptcy Code, and Rule 7001 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## PARTIES

4. Plaintiff Drivetrain, LLC ("**Plaintiff**" or "**Trustee**") is the trustee of the Relativity Liquidating Trust (the "**Trust**"). On January 31, 2019, the Trust was formed pursuant to and in accordance with the terms of the *Debtors' and the Creditors' Committee's Second Amended Joint Liquidating Plan under Chapter 11 of the Bankruptcy Code* (as amended, the "**Plan**") [Bankruptcy

61654100.1

Docket No. 633] and the Liquidating Trust Agreement [*see* Bankruptcy Docket No. 648-1], and Plaintiff was appointed as trustee of the Trust. In this capacity, Plaintiff was designated as the exclusive representative of the bankruptcy estates (collectively, the "**Estates**") of Relativity Media, LLC and its debtor affiliates (collectively, the "**Debtors**") and successor in interest with respect to the claims and causes of action alleged herein. Plaintiff's principal place of business is located at 410 Park Avenue, Suite 900, New York, NY 10022.

5. Plaintiff is informed and believes, and based thereon alleges, that Ryan Kavanaugh ("**Kavanaugh**") is the trustee of the entity referenced in the Debtors financial records as the "R. Kavanaugh Trust" (the "**Kavanaugh Trust**"). Plaintiff is informed and believes, and based thereon alleges, that the Kavanaugh Trust's principal place of business is located at 6320 Canoga Avenue, Suite 1300, Woodland Hills, CA 91367.

## FACTUAL BACKGROUND

6. On May 3, 2018 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code—thereby commencing the bankruptcy cases jointly administered under *In re Relativity Media, LLC*, *et al.*, case no. 18-11358 MEW (collectively, the "**Chapter 11 Cases**"). The Debtors operated their businesses and managed their affairs as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code through the Effective Date of the Plan. On May 18, 2018, the Office of United States Trustee for the Southern District of New York (the "**U.S. Trustee**") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "**Committee**").

7. On December 13, 2018, the Debtors and Committee filed the Plan and the *Disclosure Statement For Debtors' and Creditors' Committee's Second Amended Joint Liquidating Plan under Chapter 11 of the Bankruptcy Code* (as amended, the "**Disclosure**

61654100.1

**Statement**") [Bankruptcy Docket No. 634].

8. On December 14, 2018, the Court entered an order approving the Disclosure Statement pursuant to 11 U.S.C. § 1125. *See* Bankruptcy Docket No. 636. Following a hearing on January 29, 2019, the Court confirmed the Plan pursuant to the *Findings of Fact, Conclusions of Law, and Order Confirming Debtors' and Creditors' Committee's Second Amended Plan of Liquidation under Chapter 11 of the Bankruptcy Code* (the "**Confirmation Order**"). *See* Bankruptcy Docket No. 689. The effective date of the Plan occurred on January 31, 2019 (the "**Effective Date**"). *See* Bankruptcy Docket No. 690.

9. On the Effective Date, Plaintiff was formed pursuant to the Plan and the Liquidating Trust Agreement, and the Trustee was appointed as the trustee of Plaintiff. In this capacity, the Trustee was designated as the exclusive representative of the Estates and vested with "all powers, authority, and responsibilities specified in the Plan, including, without limitation, the powers of a trustee under section 704 and 1106 of the Bankruptcy Code" as well as the claims and causes of action alleged herein. *See* Bankruptcy Docket No. 689, at p. 20.

10. Plaintiff is informed and believes, and based thereon alleges, that the Debtors made certain payments to an entity referred to as the "R. Kavanaugh Trust" and that the "R. Kavanaugh Trust" is an entity formed for the benefit of Kavanaugh. Plaintiff is informed and believes, and based thereon alleges, that at all times relevant hereto, Kavanaugh was either the Co-Chief Executive Officer or Chief Executive Officer of Relativity Media, LLC ("**Relativity Media**") and either the Co-Chairman or Chairman of the Board of Directors for Relativity Holdings, LLC ("**Relativity Holdings**").

11. With the two-year period immediately preceding the Petition Date, Debtors made one or more transfers to or for the benefit of the Kavanaugh Trust (collectively, the "**Transfers**"),

61654100.1

including, without limitation, the following transfers from account(s) of the Debtors maintained with City National Bank:

    a.    $500,000 from Relativity Media account x2154 to account x3535 (the "**Kavanaugh Trust Account**") in the name of the Kavanaugh Trust on June 4, 2016;

    b.    $500,000 from Relativity Media account x2146 to the Kavanaugh Trust Account in the name of the Kavanaugh Trust on August 15, 2016;

    c.    $500,000 from Relativity Media account x2146 to the Kavanaugh Trust Account in the name of the Kavanaugh Trust on September 21, 2016;

    d.    $500,000 from Relativity Media account x2154 to the Kavanaugh Trust Account in the name of the Kavanaugh Trust on November 9, 2016; and

    e.    $500,000 from Relativity Media account x2154 to the Kavanaugh Trust Account in the name of the Kavanaugh Trust on November 21, 2016.

12.     Plaintiff is informed and believes, and based thereon alleges, that at the time of the Transfers, Debtors were insolvent and that the Debtors' debts exceeded their assets and Debtors were unable to pay their obligations in the ordinary course of their business. Debtors recently emerged from a prior chapter 11 bankruptcy case on or about April 14, 2016. Plaintiff is informed and believes, and based thereon alleges, that Debtors immediately experienced liquidity issues due to the failure to obtain an estimated $250 million in post-confirmation capital investments and debt required to perform under the prior plan of reorganization and maintain operations—resulting in Debtors defaulting under numerous legal and contractual obligations, including wage obligations owing to Debtors' employees.

13.     Plaintiff is informed and believes, and based thereon alleges, that the Kavanaugh Trust received the Transfers without providing adequate consideration or reasonably equivalent value to the Debtors or without other right, contractual or otherwise, to receive such funds.

14.     Plaintiff is informed and believes, and based thereon alleges, that Kavanaugh was a beneficiary of the Kavanaugh Trust at the time of the Transfers, and, as such, the Kavanaugh

61654100.1

Trust or its beneficiaries constitute insiders of Debtors under Section 101(31) of the Bankruptcy Code.

15.    To the extent applicable, Plaintiff is informed and believes, and based thereon alleges, that there exists in the Chapter 11 Cases one or more creditors holding unsecured claims that are allowable under Section 502 of the Bankruptcy Code or that are not allowable only under Section 502(e) of the Bankruptcy Code, who could have avoided the transfers sought to be avoided herein under applicable law, including, without limitation, the Transfers.

### FIRST CAUSE OF ACTION
### FOR AVOIDANCE AND RECOVERY OF AVOIDABLE TRANSACTIONS
### 11 U.S.C. §§ 548(a)(1)(A), 550, and 551

16.    Plaintiff repeats and re-alleges each and every allegation of this Complaint set forth above as if fully set forth herein.

17.    The Transfers were made on or within the two-year period immediately preceding the Petition Date.

18.    Plaintiff is informed and believes, and based thereon alleges, that the Transfers were made by Debtors with the actual intent to hinder, delay or defraud some or all of Debtors' then-existing or future creditors, which belief is premised upon, among other things, (a) the Kavanaugh Trust and/or its beneficiaries were insiders of Debtors on the dates of the Transfers, (b) Debtors were insolvent at the time of the Transfers or rendered insolvent as a result of the Transfers, (c) Debtors were in dire financial condition at the time of the Transfers, (d) Debtors received no or inadequate consideration for the Transfers, and (e) Kavanaugh exerted control over the Debtors at the time of the Transfers.

19.    Plaintiff is informed and believes, and based thereon alleges, that Debtors did not receive reasonably equivalent value in consideration of any of the Transfers.

61654100.1

20. Plaintiff is informed and believes, and based thereon alleges, that each of the Transfers was made at a time when Relativity was insolvent.

21. As a result of the forgoing, the Transfers constitute fraudulent transfers avoidable by Plaintiff pursuant to Section 548(a)(1)(A) of the Bankruptcy Code and the Transfers, or the value thereof, recoverable from the Kavanaugh Trust pursuant to Section 550(a) of the Bankruptcy Code.

22. Wherefore, pursuant to Sections 548(a)(1)(A), 550(a), and 551 of the Bankruptcy Code, Plaintiff is entitled to a judgment: (a) avoiding and preserving the Transfers; (b) directing that the Transfers be set aside; and (c) recovering the Transfers, or the value thereof, from the Kavanaugh Trust for the benefit of the Trust and its beneficiaries.

## SECOND CAUSE OF ACTION
## FOR AVOIDANCE AND RECOVERY OF AVOIDABLE TRANSACTIONS
## 11 U.S.C. §§ 548(a)(1)(B), 550, and 551

23. Plaintiff repeats and re-alleges each and every allegation of this Complaint set forth above as if fully set forth herein.

24. The Transfers were made on or within the two-year period immediately preceding the Petition Date.

25. Plaintiff is informed and believes, and based thereon alleges, that Debtors received less than reasonably equivalent value in exchange for each of the Transfers.

26. Plaintiff is informed and believes, and based thereon alleges, that at the time of each of the Transfers, Debtors were insolvent, or became insolvent, as a result of the Transfers.

/ / /

27. Plaintiff is informed and believes, and based thereon alleges, that at the time of each of the Transfers, Debtors were engaged in a business or transaction, or were about to engage in

61654100.1

business or a transaction, for which any property remaining after the Transfers with Debtors were an unreasonably small capital.

28. Plaintiff is informed and believes, and based thereon alleges, that at the time of each of the Transfers, Debtors intended to incur, or believed that they would incur, debts that would be beyond Debtors' ability to pay as such debts matured.

29. Plaintiff is informed and believes, and based thereon alleges, that at the time of each of the Transfers, Debtors made such transfers to or for the benefit of one or more insiders of the Debtors and not in the ordinary course of business.

30. As a result of the forgoing, the Transfers constitute fraudulent transfers avoidable by Plaintiff pursuant to Section 548(a)(1)(B) of the Bankruptcy Code and the Transfers, or the value thereof, recoverable from the Kavanaugh Trust pursuant to Section 550(a) of the Bankruptcy Code.

31. Wherefore, pursuant to Sections 548(a)(1)(B), 550(a), and 551 of the Bankruptcy Code, Plaintiff is entitled to a judgment: (a) avoiding and preserving the Transfers; (b) directing that the Transfers be set aside; and (c) recovering the Transfers, or the value thereof, from the Kavanaugh Trust for the benefit of the Trust and its beneficiaries.

### THIRD CAUSE OF ACTION
### FOR AVOIDANCE AND RECOVERY OF AVOIDABLE TRANSACTIONS
### 11 U.S.C. §§ 544, 550, and 551, and Cal. Civ. Code §§ 3439.04(a)(1) and 3430.07

32. Plaintiff repeats and re-alleges each and every allegation of this Complaint set forth above as if fully set forth herein.

/ / /

33. The Transfers were made on or within the four-year period immediately preceding the Petition Date.

61654100.1

34. Plaintiff is informed and believes, and based thereon alleges, that the Transfers were made by Debtors with the actual intent to hinder, delay or defraud some or all of Debtors' then-existing or future creditors, which belief is premised upon, among other things, (a) the Kavanaugh Trust and/or its beneficiaries were insiders of Debtors on the dates of the Transfers, (b) Debtors were insolvent at the time of the Transfers or rendered insolvent as a result of the Transfers, (c) Debtors were in dire financial condition at the time of the Transfers, (d) Debtors received no or inadequate consideration for the Transfers, and (e) Kavanaugh exerted control over the Debtors at the time of the Transfers.

35. Plaintiff is informed and believes, and based thereon alleges, that Debtors did not receive reasonably equivalent value in consideration of any of the Transfers.

36. Plaintiff is informed and believes, and based thereon alleges, that each of the Transfers was made at a time when Relativity was insolvent.

37. As a result of the forgoing, the Transfers constitute fraudulent transfers avoidable by Plaintiff pursuant to Section 544 of the Bankruptcy Code and Sections 3439.04(a)(1) and 3439.07(a) of the Cal. Civ. Code, and the Transfers, or the value thereof, recoverable from the Kavanaugh Trust pursuant to Section 550(a) of the Bankruptcy Code.

38. Wherefore, pursuant to Sections 544, 550(a), and 551 of the Bankruptcy Code and Sections 3439.04 and 3439.07 of the Cal. Civ. Code, Plaintiff is entitled to a judgment: (a) avoiding and preserving the Transfers; (b) directing that the Transfers be set aside; and (c) recovering the Transfers, or the value thereof, from the Kavanaugh Trust for the benefit of the Trust and its beneficiaries.

## FOURTH CAUSE OF ACTION
## FOR AVOIDANCE AND RECOVERY OF AVOIDABLE TRANSACTIONS
## 11 U.S.C. §§ 544, 550, and 551, and Cal. Civ. Code §§ 3439.04(a)(2) and 3430.07

39. Plaintiff repeats and re-alleges each and every allegation of this Complaint set forth above as if fully set forth herein.

40. The Transfers were made on or within the four-year period immediately preceding the Petition Date.

41. Plaintiff is informed and believes, and based thereon alleges, that Debtors received less than reasonably equivalent value in exchange for each of the Transfers.

42. Plaintiff is informed and believes, and based thereon alleges, that at the time of each of the Transfers, Debtors were engaged in a business or transaction, or were about to engage in business or a transaction, for which any property remaining after the Transfers with Debtors were an unreasonably small capital.

43. Plaintiff is informed and believes, and based thereon alleges, that at the time of each of the Transfers, Debtors intended to incur, or believed that they would incur, debts that would be beyond Debtors' ability to pay as such debts matured.

44. As a result of the forgoing, the Transfers constitute fraudulent transfers avoidable by Plaintiff pursuant to Section 544 of the Bankruptcy Code and Sections 3439.04(a)(2) and 3439.07(a) of the Cal. Civ. Code, and the Transfers, or the value thereof, recoverable from the Kavanaugh Trust pursuant to Section 550(a) of the Bankruptcy Code.

45. Wherefore, pursuant to Sections 544, 550(a), and 551 of the Bankruptcy Code and Sections 3439.04 and 3439.07 of the Cal. Civ. Code, Plaintiff is entitled to a judgment: (a) avoiding and preserving the Transfers; (b) directing that the Transfers be set aside; and (c) recovering the Transfers, or the value thereof, from the Kavanaugh Trust for the benefit of the Trust and its

61654100.1

beneficiaries.

## FIFTH CAUSE OF ACTION
### FOR AVOIDANCE AND RECOVERY OF AVOIDABLE TRANSACTIONS
### 11 U.S.C. §§ 544, 550, and 551, and Cal. Civ. Code §§ 3439.05(a) and 3430.07

46.     Plaintiff repeats and re-alleges each and every allegation of this Complaint set forth above as if fully set forth herein.

47.     The Transfers were made on or within the four-year period immediately preceding the Petition Date.

48.     Plaintiff is informed and believes, and based thereon alleges, that at the time of each of the Transfers, Debtors owed an obligation to one or more creditors owes claims arose before the Transfers were made.

49.     Plaintiff is informed and believes, and based thereon alleges, that Debtors received less than reasonably equivalent value in exchange for each of the Transfers.

50.     Plaintiff is informed and believes, and based thereon alleges, that at the time of each of the Transfers, Debtors were insolvent, or became insolvent, as a result of the Transfers.

51.     As a result of the forgoing, the Transfers constitute fraudulent transfers avoidable by Plaintiff pursuant to Section 544 of the Bankruptcy Code and Sections 3439.05(a) and 3439.07(a) of the Cal. Civ. Code, and the Transfers, or the value thereof, recoverable from the Kavanaugh Trust pursuant to Section 550(a) of the Bankruptcy Code.

52.     Wherefore, pursuant to Sections 544, 550(a), and 551 of the Bankruptcy Code and Sections 3439.05 and 3439.07 of the Cal. Civ. Code, Plaintiff is entitled to a judgment: (a) avoiding and preserving the Transfers; (b) directing that the Transfers be set aside; and (c) recovering the Transfers, or the value thereof, from the Kavanaugh Trust for the benefit of the Trust and its beneficiaries.

# SIXTH CAUSE OF ACTION
## FOR AVOIDANCE AND RECOVERY OF SUBSEQUENT TRANSFERS
### 11 U.S.C. §§ 544, 548, 550, and 551

53. Plaintiff repeats and re-alleges each and every allegation of this Complaint set forth above as if fully set forth herein.

54. Each of the Transfers are avoidable under Section 544 and/or 548 of the Bankruptcy Code.

55. Plaintiff is informed and believes, and based thereon alleges, that some or all of the Transfers may have been subsequently transferred by the Kavanaugh Trust, either directly or indirectly (collectively, the "**Subsequent Transfers**").

56. Plaintiff is informed and believes, and based thereon alleges, that each of the Subsequent Transfers were made directly or indirectly to one or more of the beneficiaries of the Kavanaugh Trust.

57. Plaintiff is informed and believes, and based thereon alleges, that the Kavanaugh Trust is the immediate or mediate transferee of the Subsequent Transfers.

58. Wherefore, pursuant to Sections 544, 548, 550(a), and 551 of the Bankruptcy Code Plaintiff is entitled to a judgment: (a) avoiding and preserving the Subsequent Transfers; and (b) recovering the Subsequent Transfers, or the value thereof, from the Kavanaugh Trust for the benefit of the Trust and its beneficiaries.

**WHEREFORE,** Plaintiff prays for judgment as follows:

A. On the First, Second, Third, Fourth, and Fifth Causes of Action, entry of a judgment (i) avoiding and preserving the Transfers, (ii) directing that the Transfers be set aside, (iii) recovering the Transfers, or the value thereof, from the Kavanaugh Trust with interest thereon, at the maximum legal rate, from the date of each of the Transfers, for the benefit of the Trust and

61654100.1

its beneficiaries, and (iv) awarding Plaintiff attorneys' fees and expenses incurred in connection with the claims asserted herein, to the extent allowable under applicable law;

      B.      On the Sixth Cause of Action, entry of a judgment (i) avoiding and preserving the Subsequent Transfers, (ii) recovering the Subsequent Transfers, or the value thereof, from the Kavanaugh Trust with interest thereon, at the maximum legal rate, from the date of each of the Transfers, for the benefit of the Trust and its beneficiaries, and (iii) awarding Plaintiff attorneys' fees and expenses incurred in connection with the claims asserted herein, to the extent allowable under applicable law; and

      C.      On all Causes of Action, entry of a judgment for such other and further relief as the Court deems just and proper.

Dated: April 30, 2020  
       Los Angeles, California.

Respectfully submitted,

**ROBINS KAPLAN LLP**

By:   /s/ Scott F. Gautier  
Scott F. Gautier (admitted *Pro Hac Vice*)  
2049 Century Park East, Suite 3400  
Los Angeles, CA 90067  
Telephone:  (310) 552-0130  
Facsimile:  (310) 229-5800  
Emails:  sgautier@robinskaplan.com

*Counsel to the Relativity Liquidating Trust*

61654100.1